UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CASHMAN DREDGING AND<br>MARINE CONTRACTING CO., LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FRANK BELESIMO<br>and<br>CALLAN MARINE, LTD.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:21-cv-11398-DJC |

## **STIPULATION AND PROPOSED ORDER**

Plaintiff Cashman Dredging and Marine Contracting, Co., LLC ("CDMC") and Defendants Frank Belesimo ("Belesimo") and Callan Marine, Ltd. ("Callan" and collectively, "Defendants") hereby stipulate, by and through their respective counsel, as follows:

WHEREAS, on August 25, 2021, Plaintiff CDMC filed its Complaint against Defendants [ECF 1];

WHEREAS, on August 31, 2021, Plaintiff CDMC filed its Motion for Preliminary Injunction [ECF 8], which was served on counsel for Defendants on September 3, 2021 [ECF 13]; and

WHEREAS the Parties have conferred and agree that it would serve judicial economy, while conserving the parties' resources and witness' time, for the parties to stipulate to entry of an order granting CDMC's Motion for Preliminary Injunction.

13926199.1.1

**IT IS HEREBY STIPULATED AND AGREED**, by the undersigned counsel on behalf of the Parties, as follows:

1. Callan and Belesimo and all those acting on behalf of, at the direction of, or in concert with Callan and/or Belesimo must immediately to the extent they have them, return all of CDMC's trade secrets and intellectual property, and any and all copies thereof, which may include up to as many as 30,000 computer files potentially containing: (i) designs and specifications for a new hopper dredge, (ii) bid estimating data, (iii) market survey data and (iv) other confidential and proprietary materials (the "Trade Secrets") that are believed to be in the possession, custody or control of Defendants;

2. Within ten (10) days of the entry of this order, Defendants must submit for examination to search for, collect, and preserve any and all evidence of the existence, use accessing, examining, copying, modifying, reproducing, republishing, distributing, transferring, communicating, divulging or making accessible to anyone concerning the Trade Secrets all computers, hard drives, devices, networks, media, files and/or any other repository capable of storing data to determine whether CMDC's Trade Secrets are currently or have ever been stored, transported, or transferred thereon, whether owned, controlled, or maintained by Belesimo and/or Callan, by an independent forensic examination expert mutually selected by the Parties to be conducted pursuant to a written protocol to be agreed upon by the Parties, with all costs to be shared by the Parties[1]. Defendants must provide a detailed report and notice of all computers, hard drives, devices, networks, media, files and/or any other repository capable of storing data provided for inspection to Plaintiff and the independent forensic examination expert by that same

---

[1] However, the sharing of costs at this time is without prejudice to a party's ability to seek recovery of costs in this action.

date. The forensic expert's findings, which shall include the information delineated by and required by the Parties' agreed forensic examination protocol, shall be delivered simultaneously to counsel for the Parties.

3.    Defendants and all those acting on behalf of, at the direction of, or in concert with Defendants are enjoined from using, accessing, examining, copying, modifying, reproducing, republishing, distributing, transferring, communicating, divulging or making accessible to anyone outside of CDMC the Trade Secrets.

4.    The Parties shall meet their data preservation and other evidence, non-spoliation obligations and will, in the Court's discretion, face appropriate sanctions for failure to comply with such requirements.

5.    Any disputes regarding the implementation of this order, including concerning the selection of an independent forensic examination expert and the contents of the Parties' proposed or agreed forensic examination protocol, shall be brought to the attention of the Court through representative counsel after first consulting with opposing counsel.

6.    The Parties further stipulate and agree that Callan and Belesimo shall have until and including October 15, 2021 to file and serve a responsive pleading to the Complaint.

Stipulated and agreed to by:

_____
Jeffrey E. Francis (BBO No. 639944)
jfrancis@pierceatwood.com
Melanie A. Conroy (BBO No. 568830)
mconroy@pierceatwood.com
PIERCE ATWOOD LLP
100 Summer Street, 22nd Floor
Boston, Massachusetts 02110
Phone: (617) 488-8136

13926199.1.1

*Counsel for Plaintiff Cashman Dredging and Marine Contracting Co., LLC*

[With permission /s/]

*David B. Wilson*
David B. Wilson (BBO No. 548359)
dwilson@hrwlawyers.com
John D. Arnold  (BBO No. 699350)
Jarnold@hrwlawyers.com
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
617.348.4314

*Counsel for Defendants Frank Belesimo and Callan Marine Ltd.*

Dated: September 29, 2021
Boston, Massachusetts

SO ORDERED.

Date: _____

_____
United States District Judge

13926199.1.1