UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CASHMAN DREDGING AND MARINE CONTRACTING CO., LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 21-11398-DJC |
| FRANK BELESIMO and CALLAN MARINE, LTD, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTION TO COMPEL
[Docket No. 81]

January 18, 2023

Boal, M.J.

This case involves, inter alia, allegations of theft of trade secrets, breach of fiduciary duty, and interference with contractual and business relations. See Docket No. 1. Defendants Callan Marine, LTD and Frank Belesimo have moved to compel plaintiff Cashman Dredging and Marine Contracting Co., LLC ("CDMC") to provide further answers to interrogatories. See Docket No. 81. For the following reasons, I grant Callan's motion.[1]

I. BACKGROUND

CDMC provides dredging and marine contracting services to areas on the East and Gulf Coasts and in the Caribbean Basin. Docket No. 1 ¶ 7. As part of its business, CDMC prepares and submits bids for various dredging projects. Id. ¶ 8. These bids, CDMC asserts, use confidential proprietary information including equipment operating costs, dredge production

---

[1] Judge Casper referred the instant motion to the undersigned on December 16, 2022. Docket No. 83. She also referred the matter of the extension of fact discovery. Docket No. 87.

1

rates, and historical company performance data.  Id.

CDMC asserts that former employee and current defendant Frank Belesimo intentionally took confidential proprietary information from CDMC's computers.  See, e.g., id. ¶¶ 38, 40, 44-46, 50-52.  CDMC further asserts that Callan unlawfully copied and then deleted tens of thousands of CDMC's computer files to cover up the scheme to steal CDMC's trade secrets.  Id. ¶¶ 60-62.  CDMC alleges that Callan induced and benefited from Belesimo's actions.  Id. ¶ 60.

On August 25, 2021, CDMC filed the instant suit against Belesimo and Callan.  Docket No. 1.  On December 7, 2021, the parties jointly submitted a proposed protective order, which Judge Casper endorsed on January 15, 2022.  Docket Nos. 30, 40.  Prior to the December 16, 2022 fact discovery deadline[2], on December 15, 2022, defendants filed the instant motion.  Docket Nos. 78, 81.  CDMC filed an opposition on January 6, 2023, and defendants filed a reply on January 12, 2023.  Docket Nos. 91, 93.  This Court heard oral argument on January 17, 2023.

II.   STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information."  Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)).  To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Factors that must be considered in weighing

---

[2] CDMC opposed the motion in part by arguing that it was untimely.  Judge Casper, however, did not set a deadline for motions to compel.  The presumptive deadline for filing motions to compel is the deadline for completion of discovery.  See Negron v. DeFelice, No. 17-cv-95-LM, 2018 WL 2272780, at *1 (D.N.H. May 17, 2018) ("Where, as here, the scheduling order fixes no specific deadline for filing motions to compel, courts 'look to the deadline for completion of discovery.'").  Accordingly, this Court will consider the motion on the merits.

proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information. See Fed. R. Civ. P. 37(a)(3). "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

III.     DISCUSSION

Defendants move to compel CDMC to supplement its answers to the following two[3] interrogatories:

**Interrogatory No. 1**

Identify all of CDMC's confidential and/or proprietary documents that you contend are or have been located in the Callan Data Sources.[4]

---

[3] Defendants' motion refers to four interrogatories. See Docket No. 81 at 1-2. Their memorandum in support, however, cites to only two interrogatories propounded by defendant Belesimo. See Docket No. 82 at 8, 10. At oral argument, defendants' counsel stated that Callan had propounded two identical interrogatories to CDMC and that CDMC had responded in the same way as it had to the subject Belesimo interrogatories. Local Rule 37.1(b) requires that a discovery motion "state with particularly . . . [e]ach interrogatory . . . raising an issue to be decided by the court . . . ." L.R. 37.1(b). Accordingly, because defendants identified only two interrogatories, this Court addresses only those two.

[4] "Callan Data Sources" is a defined term and comprises: Callan's file server (CMFS1), Callan's cloud storage, Callan's entire email exchange server, Belesimo's OneDrive at Callan, Callan's SharePoint, Callan Audit Log Deletions. Docket No. 82 at 1, n.2.

**Interrogatory No. 2**

Identify all Trade Secrets that you contend are or have been located in Callan's Data Sources.

Docket No. 82 at 8, 10.

CDMC alleges, inter alia, that Callan and Belesimo stole large amounts of CDMC's confidential and trade secret data and that they have misappropriated and will continue to misappropriate CDMC's trade secrets for their own gain. See, e.g., Docket No. 1 ¶¶ 68, 69, 72, 73. Whether CDMC can show that its information was or is, in fact, in Callan's computer files goes to the heart of this lawsuit.[5]

CDMC argues that it cannot provide answers to these interrogatories because, inter alia[6], defendants have designated as "Highly Confidential" "all" of the documents and information collected by the independent forensic examiner. Docket No. 90 at 2 (emphasis in original). However, the protective order in this case states that when information has been designated as "Highly Confidential", "counsel for CDMC may disclose such information to CDMC in-house counsel and information technology professionals in order to confirm the assertion and seek the de-designation of such material as Confidential Information." Docket No. 40 at 4. Despite this

---

[5] CDMC argues that it can prove Callan possessed CDMC's information through other documents and testimony. Docket No. 90 at 9-11. However, defendants are entitled to the information sought by the interrogatories as well.

[6] CDMC also argues that the interrogatories at issue are contention interrogatories and thus the information is either protected from disclosure or prematurely sought. Docket No. 90 at 8-9. The interrogatories, however, are not contention interrogatories, as they seek factual information. See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. MDL 13-2419-RWZ, 2015 WL 13715291, at *5 (D. Mass. Sept. 8, 2015). Even if they were contention interrogatories, "the court has discretion to decide whether or not to delay a party's obligation to answer contention interrogatories based on the circumstances of a particular case." United States ex rel. Long v. Janssen Biotech, Inc., No. CV 16-12182-FDS, 2022 WL 4124018, at *4 (D. Mass. Sept. 9, 2022) (citations omitted). The fact discovery deadline in this case has passed. The appropriate time for CDMC to answer the interrogatories is now, particularly because the parties may challenge each other's claims and defenses at summary judgment. See id.

language, CDMC argues that in order to answer the interrogatories, it needs to designate others to review the material produced from the Callan Data Sources.[7]

Accordingly, this Court allows CDMC to designate up to four individuals as necessary to review the information and answer the interrogatories. CDMC must provide the names of those individuals to the defendants. The individuals must agree in writing to be bound by the terms of the protective order.

IV.  ORDER

For the foregoing reasons, this Court grants defendants' motion to compel. On or before February 17, 2023, CDMC must supplement its answers to Interrogatories 1 and 2 as outlined above. The parties must, on or before March 17, 2023, conduct the outstanding depositions discussed at the January 17, 2023 hearing.

This Court declines to award fees or costs to either side.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[7] In somewhat contradictory fashion, CDMC argues that the subject matter of the interrogatories improperly seeks expert discovery. Docket No. 90 at 10. Yet, the interrogatories seek core factual information, which would have to be provided to an expert prior to analysis. As CDMC itself notes, "this fact discovery period focused on gathering the underlying information on which experts will rely to provide opinions as to the existence of CDMC confidential information and Trade Secrets retained and used by the Defendants." Id. at 11. That is precisely the information that the interrogatories at issue seek.